UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. LEWIS,<br><br>            Plaintiff,<br><br>     vs.<br><br>UNKNOWN,<br><br>            Defendant. | 1:22-cv-00254-GSA-PC<br><br>**ORDER REQUIRING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT ON COURT'S FORM WITHIN THIRTY DAYS**<br><br>**(ECF No. 1.)**<br><br>**ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL RIGHTS COMPLAINT FORM** |

Kevin D. Lewis ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983.  On January 24, 2022, Plaintiff submitted a letter to the Court, which was filed as a Complaint commencing this action.  (ECF No. 1.)  Because Plaintiff's Complaint was submitted in letter form, Plaintiff shall be required to file a First Amended Complaint on the Court's form which is enclosed with this order.

The First Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).  There is no *respondeat superior* liability, and each

1

defendant is only liable for his or her own misconduct. <u>Iqbal</u>, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. <u>Jones</u>, 297 F.3d at 934 (emphasis added). Plaintiff should state clearly, in his own words, what happened and how each defendant's actions violated the particular right described by Plaintiff.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding allegations of events occurring or claims arising after January 24, 2022, the date the original Complaint was filed. Also, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

Plaintiff is advised that an amended complaint supersedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading. Local Rule 220. Once an amended complaint is filed, the prior complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a First Amended Complaint on the Court's form;
3. If Plaintiff fails to comply with this order, this action may be dismissed for failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **April 19, 2022**                    **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE