UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. LEWIS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UNKNOWN,<br><br>　　　　　Defendant. | **1:22-cv-00254-GSA-PC**<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>　　**AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO OBEY COURT ORDER**<br>**(ECF No. 12.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS** |

　　　　Kevin D. Lewis ("Plaintiff") is a former prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983.

　　　　On April 20, 2022, the Court issued an order requiring Plaintiff to file a First Amended Complaint on the Court's form, and do so within thirty days. (ECF No. 12.) The thirty-day time period has expired, and Plaintiff has not filed a First Amended Complaint or otherwise responded

to the Court's order.  Therefore, it will be recommended that this case be dismissed for Plaintiff's failure to comply with the Court's order.  The Clerk shall be directed to randomly assign a United States District Judge to this action.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.  (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since January 24, 2022.  Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not comply with the Court's orders.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file his complaint on the Court's form that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Monetary sanctions in this circumstance are of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

///

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall randomly assign a United States District Judge to this action;

**AND**

2. The Court **HEREBY RECOMMENDS** that:

    (1) This action be dismissed, without prejudice, based on Plaintiff's failure to obey the Court's order issued on April 20, 2022; and

    (2) The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 16, 2022**           **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE